## Ella Fritz *v.* Kate Jenner, Appellant.

*Negligence—Master and servant—Defective machine.*

In an action to recover damages for personal injuries suffered by plaintiff while working at a mangle in a laundry, the case is for the jury where plaintiff's evidence, although contradicted, tends to show that plaintiff was instructed by defendant's superintendent to work at the mangle; that several teeth in one of the cog-wheels were broken, causing the machine to jump and jerk, that plaintiff complained to defendant of the condition of the wheel, that a machinist was sent for to repair it, and that defendant then told plaintiff that the machine was in perfect order, and not to be afraid.

Argued Jan. 23, 1895. Appeal, No. 5, July T., 1894, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1890, No. 129, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before PENNYPACKER, J.

At the trial it appeared that plaintiff, a girl about twenty years of age, was injured in defendant's laundry while working at a mangle. The mangle consisted of a large cylinder, some sixteen inches in diameter, smooth upon the surface, and heated and run by steam. The power was transmitted to it by cog-wheels. In connection with the cylinder were four smaller rollers covered with felt, two upon one side and two upon the other. The article to be ironed was inserted between the two rollers, and run up over the smooth heated cylinder, and out upon the other side. Those who fed the machine presented the article to be ironed in front upon a table. When the accident occurred plaintiff was presenting a napkin, and as the napkin was drawn in between the rollers up over the cylinder, her hands were also drawn along, and in this way they were badly burnt. Plaintiff testified that three or four pieces were

out of the teeth on the large cog-wheel, and that this caused the machine to jump and jerk. She also testified that she complained to defendant of the condition of the wheel, and that a machinist was sent to repair it, and that then the defendant told her that the machine was in perfect order, and not to be afraid. She also testified that defendant's son, the superintendent, directed her to work at the mangle. Plaintiff's testimony as to the condition of the mangle was corroborated by two witnesses, but it was directly contradicted by six witnesses called on behalf of defendant, some of them being girls who were feeding the same mangle with plaintiff at the time of the accident. None of the other girls were injured.

Defendant's request for binding instruction was refused.

Verdict and judgment for plaintiff for $3,670.

*Error assigned* was above instruction, quoting it.

*Charles Davis,* for appellant, cited: City v. Fischer, 111 Pa. 9; Coal Co. v. Hayes, 128 Pa. 294; Brossman v. R. R., 113 Pa. 490; Payne v. Reese, 100 Pa. 301; Mueller v. Twp., 152 Pa. 399.

*Christopher L. Flood,* for appellee, cited: Patterson v. R. R., 76 Pa. 389; Lee v. Woolsey, 109 Pa. 124; Brownfield v. Hughes, 128 Pa. 194.

PER CURIAM, Feb. 4, 1895:

It is not even alleged that there was any error either in the admission or rejection of testimony, or in the learned trial judge's instructions as to the law applicable to the facts which the evidence tended to prove. The sole complaint is his refusal to charge as requested: " That, under all evidence in the case, the verdict should be for the defendant." In view of the testimony, tending to prove that plaintiff's injury was the result of defendant's negligence, it would have been manifest error to have thus withdrawn the case from the jury by giving binding instructions to find for defendant. The case was clearly for the jury, and it was submitted to them with instructions quite as favorable to the defendant as she could reasonably ask.

Judgment affirmed.